UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Juanice Gaines, #13617-021, ) | C/A No. 5:13-2678-DCN-KDW |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | Report and Recommendation |
| Warden, FCI-Edgefield, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Juanice Gaines brings this action pro se and *in forma pauperis* pursuant to 28 U.S.C. § 2241 for habeas relief.[1] He is incarcerated at the Federal Correctional Institution in Edgefield, South Carolina ("FCI-Edgefield"), and herein challenges his sentence imposed by the Southern District of Georgia. As Petitioner has not shown that a motion under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention, the undersigned recommends dismissal of the § 2241 Petition.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

The court is required to construe pro se petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such pro se petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a pro se petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 9. The requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Furthermore, this court is charged with screening the Petition to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules governing 2254 and Habeas Corpus cases.

## Background and Discussion

Petitioner's sentence was imposed after he pleaded guilty to drug charges in the Northern District of Georgia; he is incarcerated at FCI-Edgefield, located in Edgefield, South Carolina. Petitioner complains that his counsel was ineffective for failing to apprise him of the exposure he faced in sentencing. He also complains the prosecutor in his case broke a promise relating to sentence recommendation. He asks the court to correct what he believes is an unjust sentence. Pet. 7, ECF No. 1. The pleadings do not reflect whether Petitioner has sought relief pursuant to 28 U.S.C. § 2255. The core issue in this case is whether Petitioner's claims are cognizable under § 2241. Petitioner complains that, due to mistakes or misconduct during his guilty plea, his sentence is invalid. This claim is a collateral attack on his imposed sentence. Section 2255 of Title 28 of the

United States Code is the primary means through which a federal prisoner may collaterally attack the legality of his conviction or sentence. The statute provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Here, Petitioner clearly seeks to vacate his sentence, and such a petition is more properly reserved for the sentencing court pursuant to § 2255. *See In re Vial*, 115 F.3d 1192 (4th Cir. 1997). This court cannot convert this case to a motion under § 2255 because it is not the sentencing court.

A petition under § 2241 is available for a federal prisoner to collaterally attack his conviction or sentence when a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *see also Swain v. Pressley*, 430 U.S. 372, 381 (1977). The Fourth Circuit has unequivocally held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). Nonetheless, the court concluded, "[T]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *Id.* In *Jones*, the Fourth Circuit deemed "§ 2255 inadequate and ineffective to test the legality of a conviction" under the following scenario:

> [W]hen: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34. Petitioner cites no facts that would address the question of why § 2255 would be inadequate or ineffective to test the legality of his sentence. The facts alleged by Petitioner do not even attempt to meet the savings clause criteria; thus, he is precluded from relief under § 2241.

### Recommendation

Accordingly, it is recommended that the above-captioned case be dismissed. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

IT IS SO RECOMMENDED.

February 24, 2014                                       Kaymani D. West
Florence, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).